[File No. 6186.]

STATE OF NORTH DAKOTA, Respondent, v. GILBERT RUDY, Appellant.

(249 N. W. 788.)

Opinion filed July 29, 1933.

*Robert Birdzell,* and *Alvin C. Strutz,* for appellant.

*Thurman Wright,* State's Attorney, and *Coventry & Thompson,* for respondent.

NUESSLE, Ch. J. Gilbert Rudy of Emmons county was charged under the Illegitimacy Act, §§ 10,500a1–10,500a37, 1925 Supplement to the 1913 Compiled Laws of North Dakota, with being the father of the illegitimate child of the complainant. He was tried on this charge to a jury in Emmons county in the third judicial district, the Honorable William H. Hutchinson one of the judges of said district presiding. The jury returned its verdict that he was the father of the child in question. The court ordered judgment on the verdict that he pay certain sums as lying-in and other expenses and that he make a monthly payment during a period of years for the support of the child, and further required that he give security for the payment of the judgment. Judgment was entered accordingly. Rudy appealed and the judgment was affirmed in this court. See State v. Rudy, 62 N. D. 403, 244 N. W. 28.

Rudy failed to comply with the terms of the judgment. Whereupon,. pursuant to § 10,500a22, the court ordered that he be taken into custody by the sheriff of Emmons county and confined in the county jail of said county until he complied with the judgment or until the further order of the court. Rudy was thereupon taken into custody and committed to the county jail of Emmons county. Thereafter the state's attorney of that county made a showing to the court that the county jail was not a proper place wherein Rudy might be confined and applied for an order that his custody be transferred from the sheriff of Emmons county to the sheriff of Morton county and that he be confined in the county jail of that county. See § 11,322, Comp. Laws 1913. This application was granted and Rudy was accordingly transferred

to the county jail of Morton county, where he has been confined since that time.

On February 4, 1933, Rudy then having been imprisoned under the order above described for a period of more than one year, applied to a judge of the district court of Emmons county for a discharge. This matter came on to be heard, the state's attorney of Emmons county resisting the application. A showing was made for and against the application and Judge Hutchinson denied the motion but continued the matter for a further hearing, on a date to be set, imposing the requirement that the defendant make a payment to cover the expense thereof. No payment was made, however, and no further hearing was had. On March 24, 1933, and without any other disposition of the matter, Rudy applied to the Honorable H. L. Berry, one of the judges of the Sixth judicial district wherein Morton county is situate, for an order of discharge under §§ 8483 et seq., Comp. Laws 1913. The state's attorney of Emmons county appeared in resistance of this application, first appearing specially and objecting to Judge Berry's consideration of the matter on the grounds that there was a prior application for the same relief then pending and undisposed of before Judge Hutchinson of the Third judicial district; and further that the case was one originating in the Third district; that Rudy was a resident of Emmons county in the Third district and that he had been committed to the county jail of Emmons county in said district. Judge Berry overruled these objections and heard the application on its merits. After a consideration thereof the application was denied and Rudy perfected the instant appeal.

We think that it is not necessary to consider any of the points made by either side other than that raised on account of the objection of the state's attorney of Emmons county to the consideration and disposition of the application by Judge Berry.

Rudy's application is made under §§ 8483 et seq., Comp. Laws 1913. § 8483, provides: "Every person confined in jail on execution issued on judgment recovered in a civil action shall be discharged therefrom at the end of ten days from his first confinement therein upon the conditions hereinafter specified."

And § 8484, provides: "Such person must cause notice in writing to be given to the plaintiff or his attorney when and where he will

apply to the judge of the district court of the county in which he is. confined for the purpose of obtaining a discharge from his imprisonment."

Rudy insists that since he is confined in the county jail of Morton county he may, under the terms of the latter section, apply to a judge of the district court of that county for a discharge. On the other hand, the state's attorney insists that the commitment under which Rudy is confined is in fact a commitment to the county jail of Emmons county; that though Rudy is imprisoned in the county jail of Morton county. this is only because of the condition of the Emmons county jail and that in fact Rudy must be considered and treated as though confined in the Emmons county jail; that accordingly the application must be made to a judge of the Third judicial district in which the county of Emmons is situate; that, in any event, there is pending an undetermined prior application made by Rudy for his discharge and that therefore the present application is untimely and cannot be considered.

Section 10,500a22 of the Supplement, being § 22 of the Uniform Illegitimacy Act, provides: "The court may require the father to give security by bond with sureties, for the payment of the judgment. In default of such security, when required, the court may commit him to jail. After one year the person so committed may be discharged (in accordance with the law relating to the discharge of insolvent debtors), but his liability to pay the judgment shall not be thereby affected. Instead of committing the father to jail, or as a condition of his release from jail the court may commit him to the custody of a probation officer, upon such terms regarding payments and personal reports, as the court may direct. Upon violation of the terms imposed, the court may commit or recommit the father to jail."

Under the terms of this section after the defendant has been committed to jail for a year in default of giving the security required by the court, he may be discharged "in accordance with the law relating to the discharge of insolvent debtors." The only provision in our statute relating to the discharge of persons confined in jail on civil process is the summary proceeding provided by article 3 of chapter 43 of the Code of Civil Procedure, §§ 8483–8495, Comp. Laws 1913. Accordingly, section 10500a22 must have reference to the procedure therein provided. And this was the method provided for discharge from im-

prisonment in such cases under the former bastardy statute, §§ 10,483–10,500, Comp. Laws 1913. By the terms of § 8484, supra, a debtor's application for discharge must be made to the judge of the district court of the county in which he is confined. No exception is made where such confinement is in another county than that in which he was originally committed pursuant to an order of transfer made under the provisions of § 11,322, Comp. Laws 1913. But there is a vast difference between the case of the debtor committed on a body execution under § 7717, Comp. Laws 1913, and a defendant committed under the provisions of the Uniform Illegitimacy Act. In the former case the execution is issued to any county in which the debtor may be, and under its terms the sheriff of such county is required to arrest the debtor and commit him to the county jail of his county until he shall pay the judgment or be discharged according to law. The only question is as to his present ability to pay, taking into consideration his lawful exemptions. And if he is discharged he is exempt from further arrest or imprisonment for the same debt. But in the latter case the jurisdiction over the proceedings is vested in the district court in the county in which the alleged father is permanently or temporarily resident or in which the mother of the child resides or is found. Section 10500a32. A defendant thus committed has no exemptions. On his application for a discharge the inquiry is not only as to his present but also as to his prospective ability to pay, taking into account his ability to earn the means wherewith to do so. If he is released, the release may be conditional, and for violation of the conditions he may be recommitted. Section 10,500a22, supra. And "The court has continuing jurisdiction over proceedings brought to compel support and to increase or decrease the amount thereof until the judgment of the court has been completely satisfied, . . ." Section 10, 500a26. So it seems to us that consistent with the purpose and intent of the Uniform Illegitimacy Act a defendant seeking to procure a discharge from jail to which he has been committed under that act must make his application to the judge of the district court which has continuing jurisdiction over the proceedings. Accordingly the objection interposed by the state's attorney of Emmons county to the exercise of jurisdiction by a judge of the District Court of the Sixth judicial district in passing upon the defendant's application for a discharge, was good and should

have been sustained. In view of this holding it becomes unnecessary to pass upon the other questions raised.

The order from which the appeal is taken is therefore affirmed.

CHRISTIANSON, BURR and BURKE, JJ., concur.

Mr. Justice BIRDZELL did not participate.